# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GRADY WAYNE MEALER, ) | |
| ) | |
| Petitioner, ) | No. 3:10-cv-1036 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| WARDEN BELL, ) | |
| ) | |
| Respondent. ) | |

## M E M O R A N D U M

Before the court is a *pro se* petition for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254 filed by Grady Wayne Mealer. (Docket No. 1). The petitioner is incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee.

**I.  Procedural History**

The Petitioner was convicted of multiple counts of theft and one count of burglary in the Circuit Court of Marshall County, Tennessee, in 2006.  The Tennessee Court of Criminal Appeals affirmed this conviction on July 13, 2007. On July 11, 2008, the Petitioner filed a petition for post-conviction relief in the Circuit Court of Marshall County, Tennessee ("post-conviction court"). The post-conviction court conducted a hearing and subsequently entered an order on November 5, 2008, denying relief.   The Petitioner filed a notice of appeal.   On July 23, 2010, the Tennessee Court of Criminal Appeals affirmed the post-conviction court's denial of relief.  The Petitioner has filed an application for permission to appeal to the Tennessee Supreme Court the denial of his post-conviction relief. That application for permission to appeal is currently pending before the Tennessee Supreme Court.

**II.     Discussion**

In bringing his § 2254 petition, the Petitioner asserts multiple grounds for relief. However, the petitioner has failed to demonstrate that he has exhausted his state remedies. Therefore, his petition is premature.

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). The federal habeas statute states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45. A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petitioner must demonstrate that he fairly presented the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Clinkscale v. Carter*, 375 F.3d 430, 437(6th Cir. 2004), *cert. denied*, 543 U.S. 1177 (2005). To demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his

federal habeas petition has been fairly presented to the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In the instant case, the Petitioner has not demonstrated such compliance with the exhaustion requirement. Indeed, it appears that the Petitioner's appeal from the denial of post-conviction relief is still pending before the Supreme Court of Tennessee. (*See* Docket No. 1 at p. 4)("Petitioner DOES HAVE A PENDING APPEAL in the form of a Rule 11 Application for Permission to Appeal[] in the Tennessee Supreme Court. A decision on that application is expected at any time.").[1]

A habeas petition should not be considered in federal court when a state appeal or post-conviction motion remains pending. *Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970). Therefore, the Petitioner has not fulfilled his burden under 28 U.S.C. § 2254(b). Accordingly, the Petitioner's § 2254 petition will be **DISMISSED WITHOUT PREJUDICE** to permit him to exhaust his state remedies.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge

---

[1] The Petitioner explains: "The reason Petitioner has filed this 2254 petition early is that petitioner will have only 1 or 2 days to file a 2254 petition once the decision from the Tennessee Supreme Court is issued." (Docket No. 1 at p. 4).